IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 08-15 CMS |
| JEMAIN Z. DAVIS, | : |
| Defendant. | : |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and David C. Weiss and Douglas E. McCann, Assistant United States Attorneys for the District of Delaware, and the defendant, Jemain Z. Davis, by and through his attorney, James J. Haley, Jr., Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall waive indictment and plead guilty in the United States District Court for the District of Delaware to a two-count Felony Information. Count 1 charges him with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. Count 2 charges him with an illegal monetary transaction in violation of 18 U.S.C. § 1957. The maximum penalties for Count 1 of the Information are twenty years imprisonment, a $250,000 fine, or, pursuant to 18 U.S.C. § 3571(d) not more than twice the gross gain or loss from the offense (whichever is greater), up to three years supervised release, and a $100 special assessment. The maximum penalties for Count 2 of the Information are ten years imprisonment, a $250,000 fine, up to three years supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offenses to which he is pleading guilty, that

is for Count 1: on or about the dates charged in the Information, two or more persons knowingly conspired, or agreed, to violate Title 18, United States Code, Section 1343, and the defendant joined the conspiracy; and for Count 2: on or about the date charged in the Information, the defendant knowingly wire transferred United States currency in the amount specified in the Information from his account at Commerce Bank to S.R.'s account at PNC Bank, said monetary transaction was of property of a value greater than $10,000 derived from wire fraud, a specified unlawful activity, the defendant knew that the monetary transaction involved proceeds of a criminal offense, and the monetary transaction in some way or degree affected interstate commerce.

    3.    The defendant knowingly, voluntarily, and intelligently admits that:

        A.    beginning in or around October 2005 and continuing until in or around October, 2007, in the District of Delaware and elsewhere, the defendant (i) conspired with A.L. and S.R. to commit wire fraud in that they, (ii) having devised and intending to devise a scheme and artifice to defraud the State of Delaware and certain unidentified owners of unclaimed property, and for obtaining money and property of the same by means of false and fraudulent pretenses and representations, for the purpose of executing such scheme and artifice, (iii) did knowingly cause to be transmitted by means of wire communication in interstate commerce, a communication, to wit, a wire transfer on or about August 29, 2007, of $67,000 from the defendant's Commerce Bank account to S.R.'s PNC Bank account, which wire transfer was initiated by the defendant in Delaware and sent by Commerce Bank in Delaware to a Commerce Bank processing facility in New Jersey.

   B. On or about August 29, 2007, in the District of Delaware and elsewhere, (i) the defendant knowingly wired $67,000 from his Commerce Bank account to S.R.'s PNC Bank account; (ii) said monetary transaction was of property of a value greater than $10,000 and derived from wire fraud, a specified unlawful activity; (iii) the defendant knew that the monetary transaction involved proceeds of a criminal offense; and (iv) the monetary transaction were conducted through banks whose activities affected interstate commerce.

 4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

 5. Provided that the United States Attorney does not learn of conduct inconsistent with acceptance of responsibility, the United States will recommend a three-level reduction in the offense level for the charge above for the defendant's affirmative acceptance of responsibility

under Sentencing Guideline § 3E1.1. The United States makes this recommendation because the defendant has timely notified authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

6. The defendant agrees to pay the $200 in special assessments the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8. The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past three years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than $1000 that, within the last three years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

9. The defendant agrees to forfeit all interests in any fraud-related asset that the defendant currently owns, has previously owned or over which the defendant currently, or has in the past, exercised control, directly or indirectly, and any property the defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, including but not limited to $225,284.87. Defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

10. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

11. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this

agreement is subject to forfeiture as proceeds of illegal conduct or substitute assets for property otherwise subject to forfeiture.

12. The parties hereby agree and stipulate that, including relevant conduct pursuant to U.S.S.G. § 1B1.3, the actual loss caused by the defendant was greater than $200,000 but less than $400,000.

///

13. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____  By: _____
James J. Haley, Jr., Esquire           David C. Weiss
Attorney for Defendant                  Douglas E. McCann
                                        Assistant United States Attorneys

_____
Jemain Z. Davis
Defendant

Dated: 1-10-08

AND NOW, this 17th day of March, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
UNITED STATES DISTRICT JUDGE

7

FILED
MAR 17 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE